IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAHI SARWAR,

    Plaintiff,

vs.                                Case No. 4:11cv409-WS/WCS

UNITED STATES OF AMERICA,
et al.,

    Defendants.

                                /

## REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner, currently incarcerated in California in the custody of the Bureau of Prisons. Plaintiff filed an amended complaint, doc. 4, a motion for leave to proceed *in forma pauperis*, doc. 5, and a letter, doc. 6, which is construed as a request for protection. On the amended complaint and the *in forma pauperis* motion, Plaintiff does not properly sign his name, but writes his name and then states, "signed by authorized representative." Doc. 4, 5. The only "authorized representative" who may sign papers for Plaintiff is an attorney. If Plaintiff is not represented by an attorney admitted to practice in this court, he must sign his papers himself. Nevertheless, I will proceed based on the presumption that the signature is, indeed, that of the Plaintiff.

Plaintiff is currently confined in California, and many if not most of the thirty-nine named Defendants are located at the prison in California where Plaintiff is housed. The other named Defendants are in Oklahoma. There are no Defendants listed who are located within the jurisdiction of the Northern District of Florida and, thus, these allegations do not concern events that occurred in Florida. Therefore, because the events at issue in this case and a majority of the Defendants are located in the Central District of California, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c) is in the United States District Court for the Central District of California, Los Angeles Division.

A district court has authority under § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

Therefore, I **RECOMMEND** transfer of this action to the United States District Court for the Central District of California, Los Angeles Division, for all further proceedings, including review of the *in forma pauperis* motion, doc. 5, and the request for protection, doc. 6.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2011.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.